O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| TAMARA MINASYAN,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>WESTERN UNION FINANCIAL SERVICES, INC.; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case №: 2:19-cv-1516-ODW-JPRx<br><br>**ORDER GRANTING MOTION TO REMAND [11]** |

## I.　INTRODUCTION AND FACTUAL BACKGROUND

This is a wage-and-hour lawsuit brought under the Labor Code Private Attorneys General Act ("PAGA"). (Cal. Lab. Code § 2698 et seq.) Defendant Western Union Financial Services Inc., ("WUFSI") a Colorado Corporation, has employed Plaintiff Tamara Minasyan ("Minasyan") since April 2015. (Notice of Removal Ex. 5 ("Compl."), ECF No. 1-5.) Minasyan is a Compliance Officer; her primary duty is to supervise the contracted agents' compliance program. (Compl. ¶ 12.) After April 2018, Minasyan claims she consistently works more than eight hours per day and over forty hours per week. (*Id.* ¶ 13.) Accordingly, Minasyan brought this representative action against WUFSI for failing to pay its employees for all time worked, including premium pay for failure to provide meal and rest periods, and failing to provide accurate wage

statements. (*Id.* at ¶ 1.) WUFSI then removed this action to federal court based on diversity jurisdiction. (Notice of Removal, ECF No. 1.) Minasyan subsequently moved to remand the case, arguing that the statutory penalties she seeks do not exceed $75,000. (Pl.'s Mot. to Remand ("Motion"), ECF No. 11.) For the following reasons, the Court **GRANTS** Plaintiff's Motion and **REMANDS** this action to state court.[1]

## II. LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court has original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law, *id.* § 1331, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. *Id.* § 1332(a). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Id.*

## III. DISCUSSION

The chart below illustrates the penalties and unpaid wages that each party alleges that Minasyan is entitled to if she proves her case. The Court assumes, without deciding, that the undisputed penalties are fully recoverable. (Def.'s Opp'n. to Mot ("Opp'n") 5–14, ECF No. 12; Mot. ¶¶ 20–33.) The Court adjusted Minasyan's

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

computation of the amount in controversy based on accrued penalties of twelve months rather than her calculation of six months of accrued penalties. (*See* Mot. ¶ 33.)

| Labor Code Violation | Defendant's Calculation | Plaintiff's Calculation | Court's Calculation |
|---|---|---|---|
| Failure to Pay Overtime | $24,999.55 | $21,242.94 | $300 |
| Failure to Provide Meal Breaks | $9,675.24 | $9,675.24 | $412.50 |
| Failure to Provide Rest Breaks | $9,675.24 | $8,675.24 | $412.50 |
| Inaccurate Records | $825 | $825 | $825 |
| Noncompliant Wage Statements | $825 | $825 | $825 |
| Untimely Wage Payments | $825 | $825 | $825 |
| **Total PAGA** | **$46,825.03** | **$42,068.42** | **$3,600** |
| Weekly Penalty Accrued After Removal | $668.93 | $600.98 | $51.43 |
| 12 Month Accrued Penalty | $34,784.36 | $31,250.96 | $2,674.36 |
| Attorney Fees | $20,402.35 | $18,329.85 | $1,568.59 |
| **Total** | **$102,011.74** | **$91,649.23** | **$7,842.95** |

Here, the parties included unpaid wages in their calculations for amount in controversy. The Court did not because the California Supreme Court states that, "unpaid wages are not recoverable as civil penalties under the PAGA." *ZB, N.A. v. Superior Court of San Diego Cty.*, No. S246711, 2019 WL 4309684, at *8 (Cal. Sept. 12, 2019). "Although section 558 authorizes the Labor Commissioner to recover

3

[underpaid wages] . . . this amount, understood in context, is not a civil penalty that a private citizen has authority to collect through the PAGA." *Id*. at *1. Therefore, Minasyan as a private citizen is unable to recover unpaid overtime and premium pay from missed meal and rest breaks. *Id*. at *8.

Here, "[t]he Complaint asserts a single cause of action for alleged violations of the Private Attorneys General Act." (Notice of Removal ¶ 1.) Accordingly, when determining the amount in controversy the Court will only consider the civil penalties that Minasyan is entitled to under PAGA. *See ZB, N.A.*, 2019 WL 4309684, at *8 (holding that employees cannot recover unpaid wages in lawsuits brought under PAGA because the only remedy available is a civil penalty based on the alleged violation).

The statute of limitations for recovery of PAGA penalties is one year from the date that Minasyan submitted her intent letter to the California Labor and Workforce Development Agency ("LWDA"). Cal. Civ. Proc. Code § 340. Even though Minasyan has been employed since April 2015, she is only entitled to recover for violations that occurred following November 1, 2017. (Compl. ¶ 7.)

Here, Plaintiff alleges that her PAGA damages span from November 1, 2017 to March 1, 2019, a sum of thirty-three pay periods. (Notice of Removal ¶ 13.) Pay periods are used to determine the number of violations WUFSI allegedly committed during this timeframe. *Id*. at ¶ 18.

The Court addresses each item in turn.

**A. Failure to Pay Overtime**

WUFSI asserts that Minasyan worked two hours of overtime on one day per quarter from November 1, 2017 through March 31, 2018. (Opp'n 6.) Minasyan alleges that she rarely worked overtime, thus there were "effectively no overtime violations during that timeframe." (Mot. ¶ 20.) This contradicts the Complaint where she alleges she "occasionally" worked overtime. (Compl. ¶ 13.) When a plaintiff makes generalized allegations regarding the frequency of violations a defendant may calculate the amount in controversy based on reasonable assumptions. *Oda v. Gucci*

*Am., Inc.*, No. 2:14-CV-07469-SVW, 2015 WL 93335, at *1 (C.D. Cal. Jan. 7, 2015) (defendant's assumption of a 50 percent violation rate is reasonable when plaintiff alleges employees occasionally didn't receive mandated rest, meal, and recovery periods.) Here, the Court finds that WUFSI's assumption that Minasyan worked one day of overtime over the span of three months is reasonable.

Accordingly, the Court finds that from November 1, 2017 to March 31, 2018, PAGA penalties may be imposed for the failure to pay overtime wages for two pay periods. (Cal. Lab. Code § 558; Opp'n 6.) The PAGA penalty is determined by a $50 initial rate x 2 pay periods = $100. *Id*. Here, the Court reduces the PAGA penalty by 75% because under a PAGA action LWDA is entitled to recover 75% of the civil penalties whereas Plaintiff is only entitled to recover 25% of the civil penalties. (Cal. Lab. Code § 2699(i) ("civil penalties recovered by aggrieved employees shall be distributed as follows: 75 percent to the Labor and Workforce Development Agency for enforcement of labor laws"); Notice of Removal ¶ 18.) Therefore, the maximum recoverable amount is approximately $25. ($100 x .25 = $25.) (Opp'n 6.)

The Court also finds that from April 1, 2018 to March 1, 2019, PAGA penalties may be imposed for failure to pay overtime wages for twenty-two pay periods. (Mot. ¶ 20.) The penalty is determined by a $50 initial rate x 22 pay periods = $1,100. *Id*.; Cal. Lab. Code § 558. The Court reduces the penalty by 75% to exclude the potential recovery of LWDA. (Cal. Lab. Code § 2699(i); Notice of Removal ¶ 21.) Therefore, the maximum recoverable amount is approximately $275. ($1,100 x .25 = $275). (Opp'n 9; Mot. ¶ 20.)

Therefore, the maximum recoverable amount of civil penalties for the failure to pay overtime wages is approximately $300. ($25 + $275 = $300.) (Opp'n 6, 9.)

**B. Failure to Provide Meal and Rest Breaks**

For the purposes of determining the amount in controversy, the Parties contend that from November 1, 2017 to March 31, 2018, Plaintiff sustained approximately one meal period and one rest break violation per week. (Mot. ¶ 24; Opp'n. 10–11.) Parties

also contend that from April 1, 2018 to March 1, 2019, Plaintiff sustained approximately five meal period and five rest break violations per week. (Mot. ¶ 24; Opp'n. 10–11.) The penalties are determined by multiplying a $50 initial violation rate against thirty-three pay periods, which equates to $1,650. (Cal. Lab. Code § 558; Notice of Removal ¶¶ 26, 33; Mot. ¶¶ 24–25.) Here, the Court reduces the penalty by 75% to exclude the potential recovery of LWDA. (Cal. Lab. Code § 2699(i); Notice of Removal ¶¶ 26, 33; Mot. ¶¶ 24–25.) Therefore, the maximum recoverable amount is $412.50 in civil penalties for the failure to provide meal breaks and $412,50 for the failure to provide rest breaks. ($1,650 x .25 = $412.50.) (Notice of Removal ¶¶ 26, 33; Mot. ¶¶ 24, 25.)

### C. Inaccurate Record Keeping, Wage Statement Violations, and Semi-Monthly Payment of Wages

For the purposes of determining the amount in controversy, the Parties agree that the penalty for inaccurate record keeping, wage statement violations, and semi-monthly payment of wages are each $825. (Mot. ¶¶ 26–28; Opp'n. 11–12.) The penalty is determined by a $100 initial violation rate x 33 pay periods = $3,300. (Cal. Lab. Code § 2699(f)(2); Notice of Removal ¶¶ 37–42.) Here, the Court reduces the penalty by 75% to exclude the potential recovery of LWDA. (Cal. Lab. Code § 2699(i); Notice of Removal ¶¶ 37–42.) Therefore, the maximum recoverable amount is $825 for inaccurate record keeping violations, $825 for wage statement violations, and $825 for semi-monthly payment of wages violations. ($3,300 x .25 = $825.) (Notice of Removal ¶¶ 37–42.)

### D. Total PAGA Amount

Accordingly, after adding all the claims together, the maximum recoverable amount under PAGA is approximately $3,600. (Opp'n 6–12.) ($300 + $412.50 + $412.50 + $825 + $825 + $825 = $3,600.) (*See ZB, N.A.*, 2019 WL 4309684, at *1) (the Court may not consider unpaid wages when determining the total civil penalties, a plaintiff may seek through a PAGA claim, for the purposes of amount in controversy.)

**E. Twelve Month Penalty Accrued**

For the purposes of determining the amount in controversy, the Parties agree that from the time of the removal, additional PAGA penalties must be assessed and included in the amount in controversy calculation. (Mot. ¶ 31; Opp'n 13.) *See Celestino v. Renal Advantage Inc.*, No. C 06-07788 JSW, 2007 WL 1223699, at *4 (N.D. Cal. Apr. 24, 2007) (the amount in controversy includes a reasonable assessment of damages likely to be accrued after the time of removal.)

Minasyan asserts the calculation for penalties accrued after removal should be for violations continuing for six months and WUFSI asserts it should be for six or twelve months. *Id*. However, as of September 20, 2019, seven months have elapsed since the date of removal to federal court. (Notice of Removal 18.) The Parties have yet to enter into discovery, therefore the Court determines that the Parties may continue to litigate this case for about five additional months. (Opp'n. 13.) Consequently, the penalty accrued calculation is calculated for twelve months after the removal because "WUFSI has no intention of conceding that Plaintiff is actually a non-exempt employee who is due overtime and payment for meal periods." (Notice of Removal ¶ 47.) Therefore, additional alleged PAGA violations will occur and civil penalties shall accrue. *Id*.

To calculate the penalties that will accrue, the Court determines that Minasyan will likely sustain the same average alleged violations per week for twelve months (52 weeks) since removal. *Id*. The PAGA period that Minasyan alleges, before removal, amounts to seventy weeks. *Id*. Accordingly, the average weekly penalty of PAGA violations is $51.43. ($3,600/70 weeks = $51.43.) *Id*. Therefore, the average weekly penalty of $51.43 multiplied by 52 additional weeks results in civil penalties of $2,674.36. ($51.43 x 52 = $2,674.36.) *Id*.

**F. Attorney Fees**

For the purposes of determining the amount in controversy, the Parties also agree that attorneys' fees must be included in the amount-in-controversy calculation. (Cal.

Lab. Code § 2699(g)(1); Mot. ¶ 32 & 33; Opp'n 14.) Here, the Parties adopt a standard 25% attorney's fee recovery. *Id*. Accordingly, PAGA period damages of $3,600 and penalties accrued of $2,674.36 equate to $6,274.36. (Mot. ¶ 31; Opp'n 13.) Therefore, attorney's fees amount to $1,568.50. ($6,274.36 x .25 = $1,568.50.) (Mot. ¶ 32, 33; Opp'n 14.)

### G. Total Amount in Controversy

Thus, the total amount in controversy consisting of PAGA violations from November 1, 2017 to March 1, 2019, PAGA violations accrued over a twelve months period from the removal date, and attorney fees is $7,842.95. ($3,600 + $2,674.36 + $1,568.59 = $7,842.95.)

### IV. CONCLUSION

Because WUFSI has not shown that the amount in controversy exceeds $75,000, the Court lacks diversity jurisdiction over this matter. The Court therefore **GRANTS** Minasyan's Motion, and **REMANDS** this case to the Superior Court of California for the County of Los Angeles, Case No. 19STCCV02545 located at 111 North Hill Street, Los Angeles, California 90012. The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

September 26, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**